IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVARO ARELLANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-00795-N-BT |
| | § | |
| ADA LOGISTICS CORP. and | § | |
| ALEKSANDAR MANIC, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Alvaro Arellano, proceeding *pro se*, brings this civil action against Defendants ADA Logistics Corp. and Aleksandar Manic. For the reasons explained below, the Court should **DISMISS** this case **without prejudice** under Federal Rules of Civil Procedure 16(f) and 41(b).

### Background

Arellano, represented by counsel, filed his Complaint against Defendants ADA Logistics Corp., Aleksandar Manic, Nezira Gegic, and Skyline Finance Group, LLC, on April 4, 2020, bringing 18 causes of action for various alleged harms including violations of the Fair Labor Standards Act, fraudulent misrepresentation, and breach of contract. *See* Compl. (ECF No. 1). Arellano later dismissed his claims against Nezira Gegic and Skyline Finance Group, LLC. *See* Am. Joint Stipulation (ECF No. 20).

1

In January 2023, Arellano's counsel moved to withdraw, citing an irreconcilable conflict. *See* Mot. Withdraw (ECF No. 41). In March, the Court held a hearing on the motion where Arellano confirmed that he had an irreconcilable conflict with his counsel and that he wished to be represented by a different attorney. *See* Order 1 (ECF No. 50). The Court granted Arellano time to retain substitute counsel and ordered that the substitute counsel enter an appearance by July 10, admonishing Arellano that it would require him to proceed *pro se* if he did not secure new counsel by the deadline. *Id.* ("The [brief court-ordered stay granted to permit Arellano to retain counsel] will not be extended if Plaintiff is unable to retain substitute counsel by July 10. Rather, Plaintiff will proceed *pro se* in this lawsuit."). The Court also explained to Arellano:

> As long as [Arellano] is proceeding without an attorney, he is charged with certain responsibilities, including: (1) that he be aware of the Federal Rules of Civil Procedure and the Local Rules and Standing Orders of this Court . . . ; (2) that he timely comply with any order issued by this Court; and (3) that he cooperate with defense counsel.

*Id.* at 2. The Court further warned Arellano that he could be sanctioned for failing to comply with court orders and—specifically—that such sanctions could include dismissal of his lawsuit. *Id.* at 3 ("The Court possesses the power to sanction Plaintiff for failure to comply with all court orders and applicable rules of procedure. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37 (providing that sanctions can include the dismissal of this lawsuit).").

No attorney entered an appearance on Arellano's behalf by the July 10 deadline, so the Court ordered Arellano to proceed *pro se*. *See* Notice (ECF No. 51).

The Court also provided Arellano instructions for representing himself. Among other things, the Court explained that "[a]lthough Arellano is not a lawyer, this is his lawsuit, and ultimately, he must prove that he is entitled to relief," and "Arellano must prosecute this action in a manner that is consistent the Federal Rules of Civil Procedure and the Local Rules and Standing Orders of this Court." *Id.* at 1. The Court specifically explained that "Arellano must obey the Court's pretrial orders and comply with the deadlines in the Court's Amended Scheduling Order," which established August 30, 2023, as the deadline for filing dispositive motions. *Id.* at 2. Finally, the Court repeated its warning about complying with court orders and the consequences for failing to do so:

> The Court admonishes Arellano that if he fails to obey the Court's pretrial orders and comply with the deadlines in the Court's Amended Scheduling Order, he will be subject to sanctions. In particular, Federal Rule of Civil Procedure 16(f) permits a court—on motion or on its own—to issue any just orders if a party fails to obey a scheduling or other pretrial order, including orders prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; and treating the failure as contempt of court. Fed. R. Civ. P. 16(f) (authorizing sanctions allowed under Rule 37(b)(2)(A)(ii)–(vii)).

*Id.*

When neither party filed a dispositive motion by the August 30 deadline, the Court ordered the parties to file pretrial materials by December 22, 2023. *See* Nov. Order 1 (ECF No. 52). The Order specifically warned that "[f]ailure to file pretrial materials may result in dismissal for want of prosecution." *Id.*

On December 22, Defendants submitted their required pretrial materials and a proposed pretrial order which represented that they were unable to confer with Arellano. *See* Proposed Pretrial Order (ECF No. 59) ("Plaintiff is *pro se* and Defendants do not have his phone number or email for Plaintiff . . . Defendant has not been contacted by Plaintiff"). Arellano failed to submit the required pretrial materials by the December 22 deadline, and he did not sign the proposed pretrial order. To date, Arellano has failed—without excuse—to prepare for trial or prosecute his lawsuit.

In view of these circumstances, the Court should dismiss this action under Rules 16(f) and 41(b) due to Arellano's failure to comply with court orders and prosecute his case.

## Legal Standards

Federal Rule of Civil Procedure 16(f) provides, in pertinent part: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) & (C). Among other sanctions, the rule allows "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii) & (v).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the

court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.; see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

### Analysis

The Court should dismiss this action without prejudice under Rules 16(f) and 41(b) due to Arellano's failure to comply with court orders and prosecute his case. The Court warned Arellano—at the March hearing, in its subsequent order (ECF No. 50), in its written instructions on proceeding *pro se* (ECF No. 51), and in its November 14 Order regarding preparing for trial (ECF No. 52)—that failure to comply with court orders could result in dismissal of his case. Nonetheless, Arellano failed not only to comply with court orders to prosecute his lawsuit and submit pretrial materials, but also to cooperate with defense counsel by conferring on and signing the proposed pretrial order as required by this Court's local rules. *See* N.D. Tex. L. R. Civ. P. 16.4 (requiring the signature of each attorney on a pretrial order). Indeed, it appears Arellano has made no effort to prosecute this case since March 2023 when he appeared at the hearing on his counsel's motion to withdraw. However, the record does not support a finding of purposeful delay or

contumacious conduct, and—especially given Arellano's *pro se* status—the record does not demonstrate that imposition of lesser sanctions would be futile. Accordingly, under these circumstances, the District Court should strike Arellano's pleadings and dismiss his claims without prejudice under Rules 16(f) and 41(b).

**Recommendation**

The Court should **DISMISS** this case **without prejudice** under Rules 16(f) and 41(b).

**SO RECOMMENDED.**

January 5, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).